IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

```
CHRISTOPHER GRANGER,         )
                             )
     Plaintiff,              )
                             )
        v.                   )      NO. 1:15-CV-135
                             )
24/30 SURPLUS, LLC,          )
                             )
     Defendant.              )
```

## OPINION AND ORDER

This matter is before the Court on the First Amended Complaint (DE #8) and the Petition to Proceed Without Pre-Payment of Fees and Costs (DE #9), both filed by Plaintiff, Christopher Granger, on July 16, 2015. For the reasons set forth below, the Court:

(1) **DISMISSES** the complaint (DE #8);

(2) **DENIES** the motion for leave to proceed *in forma pauperis* (DE #9);

(3) **DIRECTS** the clerk to close this case.

BACKGROUND

Plaintiff, Christopher Granger ("Granger"), through his counsel, initiated this case by filing a complaint (DE #1) and petition to proceed *in forma pauperis* ("IFP") (DE #2) on May 29,

2015. In his original complaint, Granger listed two defendants, 24/30 Surplus, LLC ("24/30 Surplus") and the City of New Haven (the "City"). (DE #1.) Although not broken into separate sections, Granger appeared to allege causes of action based on: (1) false arrest/false imprisonment under Indiana law against both defendants; (2) "false arrest and false imprisonment, and excessive force (by needlessly pointing firearms at him), in violation of his federally protected right to be free from unreasonable seizure" against the City; (3) "false arrest/false imprisonment, in violation of his federally [sic] right to be free from unreasonable seizure and his Fourteenth Amendment right to equal protection under the law against 24/30 Surplus; and (4) a conspiracy claim pursuant to 42 U.S.C. section 1983 and 42 U.S.C. section 1985 against both defendants. (*Id*. at 1-3.)

On June 23, 2015, pursuant to 28 U.S.C. section 1915, this Court determined that Granger had failed to state a claim and, as such, denied the motion for leave to proceed *in forma pauperis*, dismissed the complaint, and granted Granger to and including July 20, 2015, to file an amended complaint and either pay the filing fee or re-file his *in forma pauperis* petition. (See DE #6.) On July 16, 2015, Granger filed the instant amended complaint and new *in forma pauperis* petition. (DE #8; DE #9.) In his amended

complaint, he lists only 24/30 Surplus as a defendant,[1] and he clarifies that he is bringing state law claims of false arrest and false imprisonment as well as a claim premised on a violation of 42 U.S.C. section 1981.

Granger, who is African-American, alleges that he and two friends entered 24/30 Surplus on August 31, 2013, to purchase groceries and household goods. (DE #8, p. 1.) He states that they selected items, purchased them, and left the store, all without incident.[2] (*Id*. at 2.) After they drove away, Granger alleges that it was determined that one of the men may have left a cell phone in the store, so they began to drive back to retrieve it. (*Id*.) However, according to Granger, they were stopped by officers from the New Haven Police Department in the parking lot before they were able to re-enter the store. (*Id*.) Said police officers had allegedly received a call from a staff member of 24/30 Surplus accusing Granger and his friends of "possessing firearms and/or committing a crime at the store and/or intending to commit a crime at the store." (*Id*.) Granger denies all of these allegations. Granger alleges that the officers pointed their weapons at he and his friends and "threatened to fire upon the men, threatened to sic

---

[1] Granger also filed a separate motion to dismiss the City, which this Court denied as moot because the City was not listed in the amended complaint and the original complaint had been previously dismissed. (See DE #7; DE #8.)

[2] Granger states that he and his friends "committed no crime and took no action that would lead staff of . . . 24/30 Surplus to reasonably believe they committed a crime" nor did they possess any firearms. (DE #8, p. 3.)

police canines on the men, swore and shouted at the men, and accused them of possessing firearms and intending to commit crimes" at 24/30 Surplus. (*Id*.) According to Granger, he contends that:

> [t]he wrongful accusations against [him] by . . . 24/30 Surplus staff impaired [his] rights to enjoy the same benefits, privileges, terms, and/or conditions of the contractual relationship with . . . 24/30 Surplus as white/Caucasian citizens. [He] alleges that . . . 24/30 Surplus failed to afford him the same benefits to contract as enjoyed by white citizens in violation of [his] rights under 42 U.S.C. [section] 1981 through the practice of racial profiling and interfering with his engagement of contractual relations with the store.

(*Id*. at 3.)

ANALYSIS

The IFP statute, 28 U.S.C. section 1915, allows an indigent plaintiff to commence a civil action without prepaying the administrative costs (e.g. filing fee) of the lawsuit. See 28 U.S.C. § 1915(a)(1); see also *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). When presented with an IFP application, the district court makes two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies IFP status. See *Denton*, 504 U.S. at 27; *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988). The screening court must dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which can be granted, or (d) the action seeks monetary

4

relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

To determine whether the suit states a claim upon which relief can be granted under 28 U.S.C. section 1915(e)(2)(B)(ii), a court applies the same standard as it would to a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). In deciding a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A plaintiff "must plead some facts that suggest a right to relief that is beyond the 'speculative level.'" *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011). "This means that the complaint must contain allegations plausibly suggesting (not merely consistent with) an entitlement to relief." *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632-33 (7th Cir. 2013) (internal quotation marks and citation omitted).

*Sufficient Merit*

42 U.S.C. section 1981 is derived from the Civil Rights Act of 1866 and provides, in relevant part, that:

5

> [a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981; see also *Humphries v. CBOCS W., Inc.*, 474 F.3d 387, 392-93 (7th Cir. 2007). Section 1981 provides a "broad-based prohibition (and federal remedy) against racial discrimination in the making and enforcing of contracts." *Humphries*, 474 F.3d at 393. Making and enforcing contracts is defined as "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981. Normally, section 1981 is evoked in the context of employment contracts, but courts have occasionally evaluated claims arising from allegedly discriminatory conduct in retail locations. *Pourghoraishi v. Flying J Inc.*, 449 F.3d 751, 756 (7th Cir. 2006); see also *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996) ("Claims involving retail transactions have been infrequent."). To establish a prima facie claim of discrimination under section 1981 in such an instance, a plaintiff must show that (1) he is a member of a racial minority; (2) the defendant had the intent to discriminate on the basis of race; and (3) the discrimination concerned one of the rights listed in the statute such as the making or enforcing of a contract. See *Morris*, 89 F.3d at 413.

The plaintiffs in the *Morris* case, two African-American men, entered an Office Max store to purchase office supplies. *Id*. at 411-12. Within minutes of entering the store, the assistant manager called the local police department to report "two male blacks acting suspiciously." *Id*. at 412. Police officers were dispatched, but before they arrived, one of the plaintiffs had selected items for purchase (telephone message pads) and paid for them. *Id*. He then rejoined the other plaintiff, who was examining time-stamp machines in another area of the store. *Id*. At that point, the police officers arrived, and they approached the plaintiffs. *Id*. The plaintiffs were questioned and asked to provide their drivers' licenses before the officers ultimately determined that they posed no threat, apologized to the men, and left the store. *Id*. As they were leaving, one of the officers told the assistant manager that "there two are okay." *Id*. The plaintiffs complained to the assistant manager and accused her of calling the police for the sole reason that they were black; she responded that she had done so because the store had been experiencing recent thefts. *Id*. The men then left the store without purchasing anything further. *Id*. at 414.

The Seventh Circuit held that the plaintiffs had failed to establish that Office Max deprived them of any of the rights described in section 1981, including the right to make and enforce a contract because the men were not denied service, admittance, nor were they asked to leave the store. *Id*. at 414. In so

7

determining, the Seventh Circuit focused on the fact that one of the plaintiffs had actually completed his transaction and had purchased several telephone message pads; the plaintiffs' argument that they were "discouraged and dissuaded" from making a potential additional purchase (i.e. the time-stamp machine) was unavailing. *Id*. The court acknowledged that the incident was "unfortunate and undoubtedly disconcerting and humiliating" but held that it did not violate the statute because plaintiffs:

> never sought to enter into a contractual relationship with Office Max. Their allegation that Office Max interfered with with 'prospective contractual relations' is speculative and insufficient to state a claim under § 1981. A claim for interference with the right to make and enforce a contract must allege the actual loss of a contract interest, not merely the possible loss of future contract opportunities.

*Id*. at 414-15 (citing *Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262 (10th Cir. 1989)).

In his complaint, Granger specifically states that he and his friends selected items for sale from 24/30 Surplus, purchased them, and then left the store. Granger does not allege that he intended to return to the store later that day to purchase additional items; rather, he indicates that he intended to return solely to retrieve the misplaced cell phone. As in *Morris*, Granger has not alleged an actual loss of a contract interest, and, therefore, he has failed to state a claim upon which relief may be granted.

Because the Court has determined that the complaint does not contain sufficient factual matter to state a federal claim for

8

relief that is plausible on its face, Granger's state law claims need not be addressed.

CONCLUSION

For the reasons set forth above, the Court:

(1) **DISMISSES** the complaint (DE #8);

(2) **DENIES** the motion for leave to proceed *in forma pauperis* (DE #9);

(3) **DIRECTS** the clerk to close this case.


**DATED: January 19, 2016**         /s/RUDY LOZANO, Judge
                                    United States District Court